# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**KEVIN PATTERSON,**

    Plaintiff,

v.                                                        **CIVIL ACTION NO. 3:07-CV-151**
                                                                      **(BAILEY)**

**DANNY R. WRIGHT, Chief Steward,**
**L. ROBERT LOTTS, Steward, and**
**LAURENCE A. DUPUY, Steward,**
**Charles Town Races,**

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Pending before this Court is Defendants' Motion to Dismiss (Doc. 7). In the Motion, the defendants assert that this case should be dismissed inasmuch as the plaintiff failed to comply with the notice requirements of West Virginia Code § 55-17-1, *et seq.*, which requires that prior to the institution of an action against a government agency, a potential plaintiff must notify the chief officer of the government agency and the attorney general, by certified mail, return receipt requested, of any alleged claims and relief sought. *See* W.Va. Code § 55-17-3(a)(1). This motion will be denied.

It is true that West Virginia Code § 55-17-3 requires that "at least thirty days prior to the institution of an action against a government agency, the complaining party or parties must provide the chief officer of the government agency and the attorney general written notice, by certified mail, return receipt requested, of the alleged claim and the relief desired." In considering this statutory provision, however, this Court looks to the definition

1

of an "action." In West Virginia Code § 55-17-2(1), "action" is defined as "a proceeding instituted against a governmental agency *in circuit court or in the supreme court of appeals . . . .*" It is clear that this statute was designed to require notice only in actions in state court. *Accord*, **Cunningham v. West Virginia**, 2007 WL 895866. *5 (S.D. W.Va. 2007).

In **Cunningham**, the District Court stated:

Article 17 of Title 55 of the West Virginia Code is entitled "Procedures for Certain Actions Against the State." Just from the title itself, it is apparent that the article does not govern all actions brought against the State of West Virginia, its agencies, or its officials. The undersigned has not located any specific authority on this issue.

However, it stands to reason that, while the notice provision could be required in an action instituted in federal court under the court's "diversity of citizenship" jurisdiction, where the court will be required to apply state substantive law, it most certainly could not be required in cases, such as this, that are instituted under the court's "federal question" jurisdiction, where only federal law will be applied. A state legislature has no authority to determine whether or how an action may proceed under federal law.

2007 WL 895866, *5.

For the reasons stated above, Defendants' Motion to Dismiss (Doc. 7) is **DENIED.**

It is so **ORDERED**.

2

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** February 20, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE